**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

LUBUTO MUSONDA,

    Petitioner - Appellant,

v.

MIKE ROGERS,

    Respondent - Appellee.

No. 23-5128
(D.C. No. 4:23-CV-00030-CVE-CDL)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Petitioner Lubuto Musonda filed an application in the United States District Court

for the Northern District of Oklahoma for habeas relief under 28 U.S.C. § 2254, seeking

to set aside his state-court convictions for child abuse, robbery, assault and battery on a

police officer, and cruelty to animals. The district court dismissed the application as

untimely and denied a certificate of appealability (COA). Mr. Musonda now seeks a

COA from this court so that he can appeal the dismissal. *See* 28 U.S.C. § 2253(c)(1)(A).

We deny a COA and dismiss the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The district court concluded that Mr. Musonda did not timely file his § 2254 application. *See* 28 U.S.C. § 2244(d). Mr. Musonda's only challenge to the district-court ruling is to contend that he can escape the statutory time bar because he is actually innocent of the crime of which he was convicted. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief."). But to qualify for this equitable actual-innocence exception, an

applicant must present "new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The district court properly concluded that the only evidence presented in support of Mr. Musonda's claim of innocence was evidence presented at his state-court trial. The failure to provide new evidence in support of his assertion of actual innocence dooms his claim. Reasonable jurists would not find the district court's dismissal of Mr. Musonda's petition debatable.

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Harris L Hartz
Circuit Judge